UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \* \* \*

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 3:12-cr-00032-LRH-WGC |
| v. | ORDER |
| ADOLPH VYTAUTAS STANKUS, | |
| Defendant. | |

Before the court is petitioner Adolph Vytautas Stankus' motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.[1] ECF No. 56. The court finds that Hobbs Act robbery is categorically a crime of violence under the "force clause" under 18 U.S.C. § 924(c). In turn, even if section 924(c)'s "residual clause" is void for vagueness—a question the court does not reach—Stankus is not entitled to relief. The court will therefore deny his motion but will grant him a certificate of appealability.

**I.    Background**

    **A.    Stankus' conviction**

On October 16, 2012, Stankus pled guilty to two counts of interference with commerce by armed robbery ("Hobbs Act robbery") under 18 U.S.C. § 1951 and one count of use of a firearm during and in relation to a crime of violence under 18 U.S.C. § 924(c). ECF Nos. 37–38.

---

[1] Because the content of Stankus' motion conclusively shows that he is not entitled to relief, the court has not ordered the United States to respond. *See* 28 U.S.C. § 2255(b).

On January 14, 2013, this court sentenced Stankus to a total term of 102 months of imprisonment. ECF Nos. 47, 52.

Pursuant to this district's Amended General Order on April 27, 2016, Stankus filed an "abridged" motion to vacate in order to toll the statute of limitations under section 2255. ECF No. 55. He subsequently filed a timely full motion to vacate, set aside, or correct his sentence. ECF No. 56.

### B. *Johnson v. United States* and subsequent challenges

Stankus filed his section 2255 motion in the wake of *Johnson v. United States*, 135 S. Ct. 2551 (2015). There, the U.S. Supreme Court ruled that a portion of the Armed Career Criminal Act's ("ACCA") violent-felony definition, often referred to as the "residual clause," was unconstitutionally vague (i.e., "void for vagueness").[2] *Johnson*, 135 S. Ct. at 2557. The Supreme Court subsequently held that *Johnson* announced a new substantive rule that applied retroactively to cases on collateral review, *Welch v. United States*, 136 S. Ct. 1257 (2016), thus allowing defendants to challenge their ACCA convictions under section 2255. *See, e.g.*, *United States v. Avery*, No. 3:02-CR-113-LRH-VPC, 2017 WL 29667 (D. Nev. Jan. 3, 2017).

Moreover, *Johnson* also sparked challenges to other federal criminal statutes and sections of the U.S. Sentencing Guidelines ("U.S.S.G.") that incorporate a "crime-of-violence" definition that includes a residual clause similar or identical to the ACCA's. One such case relevant to this motion is *Dimaya v. Lynch*, 803 F.3d 1110 (9th Cir. 2015), *cert. granted*, 137 S. Ct. 31 (2016). There, the Ninth Circuit addressed a challenge to the residual clause found in 18 U.S.C. § 16(b), which is similar but not identical to the ACCA's residual clause. *Dimaya*, 803 F.3d at 1111–12. The court ultimately held that section 16(b)'s clause was also void for vagueness. *Id*. at 1119.

///

///

---

[2] The ACCA applies to certain defendants charged with unlawful possession of a firearm under 18 U.S.C. § 922(g). 18 U.S.C. § 924(e). Normally, a defendant convicted of unlawful possession of a firearm may be sentenced to a statutory maximum of 10-years of imprisonment. *Id*. § 924(a)(2). However, if a defendant has three prior convictions that constitute either a "violent felony" or "serious drug offense," the ACCA enhances the 10-year maximum sentence to a 15-year minimum sentence. *Id*. § 924(e)(1).

2

Last year, the U.S. Supreme Court granted certiorari in *Dimaya* and heard arguments in early 2017. *Lynch v. Dimaya*, 137 S. Ct. 31 (2016). However, instead of issuing a decision, the Court set the case for re-argument for its next term.

As the instant motion demonstrates, *Johnson* and *Dimaya* have also led to challenges to the residual clause found in 18 U.S.C. § 924(c), which is nearly identical to the section 16(b) residual clause that the Ninth Circuit held void for vagueness in *Dimaya*. While a challenge to section 924(c) is currently before the Ninth Circuit, the court has deferred ruling on the issue until the Supreme Court decides *Dimaya. United States v. Begay*, No. 14-10080, ECF No. 87 (9th Cir. 2017); *see also United States v. Begay*, 2016 WL 1383556 (9th Cir. 2016).

## II. Legal standard

Pursuant to 28 U.S.C. § 2255, a prisoner may move the court to vacate, set aside, or correct a sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." *Id*. § 2255(b).

Section 2255 creates a one-year statute of limitations. *Id*. § 2255(f). When a petitioner seeks relief pursuant to a right recognized by a U.S. Supreme Court decision, the statute of limitations runs from "the date on which the right asserted was initially recognized by the . . . Court, if that right has been . . . made retroactively applicable to cases on collateral review . . . ." *Id*. § 2255(f)(3). The petitioner bears the burden of demonstrating that his petition is timely and that he is entitled to relief. *Ramos-Martinez v. United States*, 638 F.3d 315, 325 (1st Cir. 2011).

## III. Discussion

Under 18 U.S.C. § 924(c)(1)(A), it is a felony to use or carry a firearm "during and in relation to any crime of violence . . . ." This statute therefore creates an offense separately

punishable from another concurrently-charged offense that the indictment alleges is a crime of violence. Section 924(c) defines "crime of violence" as a felony that

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

18 U.S.C. § 924(c)(3). The first clause in this definition is commonly referred to as either the "force clause" or "elements clause," while the second clause is the aforementioned residual clause. Because the definition is worded disjunctively, a felony need only categorically match[3] one of the two clauses in order to constitute a crime of violence and thus satisfy that element under section 924(c)(1)(A).

Here, one of Stankus' Hobbs Act robbery charges served as the underlying crime of violence for Stankus' section 924(c) conviction. *See* ECF No. 24 at 2. The Hobbs Act "prohibits any robbery or extortion or attempt or conspiracy to rob or extort that 'in any way or degree obstructs, delays or affects commerce or the movement of any article or commodity in commerce.'" *United States v. Rodriguez*, 360 F.3d 949, 953 (9th Cir. 2004) (quoting 18 U.S.C. § 1951(a)). The statute defines robbery as follows:

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of **actual or threatened force, or violence, or fear of injury**, immediate or future, to his person or property, or property in his custody or possession, or the person or property of a relative or member of his family or of anyone in his company at the time of the taking or obtaining.

18 U.S.C. § 1951(b)(1) (emphasis added).

---

[3] Courts apply the "categorical approach" in determining whether an offense constitutes a crime of violence under section 924(c). *See United States v. Piccolo*, 441 F.3d 1084, 1086 (9th Cir. 2006). Under the categorical approach, a court may only "compare the *elements* of the statute forming the basis of the defendant's [prior] conviction [or concurrently-charged offense] with the elements of" a crime of violence. *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013) (emphasis added); *see also United States v. Benally*, 843 F.3d 350, 352 (9th Cir. 2016). Therefore, a court may not examine "[h]ow a given defendant actually perpetrated the crime— what [the Supreme Court has] referred to as the 'underlying brute facts or means' of commission . . . ." *Mathis v. United States*, 136 S. Ct. 2243, 2251 (2016) (citation omitted).

Stankus now challenges his section 924(c) conviction under section 2255, arguing that Hobbs Act robbery can no longer be considered a crime of violence under modern authority. He first contends that the court may not apply the statute's residual clause because it is void for vagueness in light of the U.S. Supreme Court's decision in *Johnson* and the Ninth Circuit's decision in *Dimaya*. He further argues that bank robbery is not a categorical match for the force clause because it may be committed (1) through the use of nominal (i.e., less-than-violent) force and (2) through reckless and thus unintentional conduct.

Stankus' claim for relief is dependent on his argument that section 924(c)'s residual clause is void for vagueness. It is that premise that would allow Stankus to collaterally attack his sentence under section 2255. However, this court need not reach this question because, even if the *residual* clause is void, this court has already held that Hobbs Act robbery satisfies the *force* clause under 924(c) and is therefore a crime of violence.[4] *United States v. Mendoza*, No. 2:16-CR-00324-LRH-GWF, 2017 WL 2200912 (D. Nev. May 19, 2017). And because Stankus has not raised any arguments that the court did not previously address, it will apply its holding in *Mendoza* to this case and deny his motion. Nonetheless, the court will provide an overview of why Hobbs Act robbery satisfies the force clause.

### A. Ninth Circuit precedent forecloses Stankus' claim for relief

As in *Mendoza*, one of Stankus' primary arguments is that Hobbs Act robbery does not comport with the force clause because it may be committed by instilling the fear of injury in the victim. He contends that a defendant may therefore commit the crime without the actual or threatened use of violent force. ECF No. 56 at 16–21. Stankus, however, has failed to address the Ninth Circuits' holdings in *United States v. Selfa*, 918 F.2d 749 (9th Cir. 1990) and *United States v. Howard*, 650 F. App'x 466 (9th Cir. 2016).

As in this case, the defendant in *Howard* argued that Hobbs Act robbery is not a categorical match for section 924(c)'s force clause because the crime "may also be accomplished

---

[4] The court also recently rejected nearly identical arguments in determining that the "analogous" crime of federal bank robbery satisfies section 924(c)'s force clause and is therefore a crime of violence. *United States v. Wesley*, No. 3:16-CR-00024-LRH-VPC, 2017 WL 1050587 (D. Nev. Mar. 20, 2017).

5

by putting someone in 'fear of injury' . . . ." *Howard*, 650 F. App'x at 468 (quoting 18 U.S.C. § 1951(b)). The Ninth Circuit held that this argument was "unpersuasive and . . . foreclosed by" the court's previous *published* decision in *United States v. Selfa*, 918 F.2d 749 (9th Cir. 1990). There, the court "held that the analogous federal bank robbery statute, which may be violated by 'force and violence, or by *intimidation*' qualifies as a crime of violence under U.S.S.G. § 4B1.2, which uses the nearly identical definition of 'crime of violence' as § 924(c)." *Id*. (emphasis in original) (internal citation omitted) (citing *Selfa*, 918 F.2d at 751). The court explained "that 'intimidation' means willfully 'to take, or attempt to take, in such a way that would put an ordinary, reasonable person *in fear of bodily harm*,' which satisfies the requirement of a 'threatened use of physical force' under § 4B1.2." *Id*. (emphasis in original) (quoting *Selfa*, 918 F.2d at 751). The Ninth Circuit thus concluded that, "[b]ecause bank robbery by 'intimidation'—which is defined as instilling fear of injury—qualifies as a crime of violence, Hobbs Act robbery by means of 'fear of injury' also qualifies as crime of violence." *Id.*

Although *Howard* is not binding precedent, this court and numerous others throughout this district have found its reasoning persuasive and held that Hobbs Act robbery is a crime of violence. *See, e.g.*, *Mendoza*, 2017 WL 2200912; *United States v. Hayes*, No. 3:13-CR-00007-RCJ-WGC, 2017 WL 58578, at *2 (D. Nev. Jan. 5, 2017); *United States v. Loper*, No. 2:14-CR-321-GMN-NJK, 2016 WL 4528959, at *2 (D. Nev. Aug. 29, 2016); *United States v. Barrows*, No. 2:13-CR-00185-MMD-VCF, 2016 WL 4010023, at *3 (D. Nev. July 25, 2016). And while other petitioners have argued that subsequent authority has effectively overruled *Selfa*, this court has rejected that contention. *Mendoza*, 2017 WL 2200912, at *8 (D. Nev. May 19, 2017) (rejecting this *explicit* argument in regards to Hobbs Act robbery); *United States v. Wesley*, No. 3:16-CR-00024-LRH-VPC, 2017 WL 1050587, at *3–4 (D. Nev. Mar. 20, 2017) (rejecting this *implicit* argument in regards to bank robbery).

///

///

///

///

### B. Stankus has not established a realistic probability that a defendant can commit Hobbs Act robbery by using nominal force

Stankus argues that the Hobbs Act's common-law origins demonstrate that a defendant can violate this federal statute through the use of nominal force.[5] ECF No. 56 at 14; *see United States v. Nedley*, 255 F.2d 350, 357 (3d Cir. 1958) ("'Robbery' under the Hobbs Act, is common law robbery . . . ."). This argument is premised on his broader contention that the degree of force a defendant used to commit common-law robbery was immaterial. Stankus cites to modern secondary sources collecting state-law cases and ostensibly concluding that a defendant could commit common-law robbery through the use of nominal force. ECF No. 56 at 14–15. Moreover, he cites to federal decisions involving convictions under different federal robbery statutes through the use of seemingly nominal force. *Id*. at 15.

The court rejected these precise arguments in *Mendoza* and remains unpersuaded. 2017 WL 2200912, at *6–7. Relying in part on the thorough analysis conducted by another district court in *United States v. Pena*, 161 F. Supp. 3d 268 (S.D.N.Y. 2016), this court was unconvinced by the premise that even the slightest touch could satisfy the force element under common-law robbery. And even if this were not the case, the court was unpersuaded—and remains unpersuaded—that a defendant can commit Hobbs Act robbery through nominal force. This conclusion is underscored by the fact that Stankus and similar petitioners are unable to cite a single instance from the over 70 years since the Hobbs Act's enactment in which a defendant was convicted under the statute after having used or threatened to use nominal force.

Moreover, the court finds that there is no merit to Stankus' argument that, by threatening to harm a victim by use of poison or a hazardous chemical, a defendant can commit Hobbs Act robbery without the use of violent force. He contends that neither means of commission

---

[5] In *Johnson v. United States*, 559 U.S. 133 (2010) ("*Johnson 2010*"), the Supreme Court specified that the term "physical force" under the ACCA's force clause "means *violent* force—that is, force capable of causing physical pain or injury to another person." Thus, crimes that can be committed through the use of *nominal* force do *not* satisfy the ACCA's force clause. *See, e.g.*, *United States v. Parnell*, 818 F.3d 974 (9th Cir. 2016). This court and many others have also extended the violent-force requirement to section 924(c)'s force clause. *See Mendoza*, 2017 WL 2200912, at *4 n.5.

7

constitutes violent force under the holdings in *United States v. Torres-Miguel*, 701 F.3d 165 (4th Cir. 2012) and *United States v. Perez-Vargas*, 414 F.3d 1282 (10th Cir. 2005). ECF No. 56 at 16.

However, many courts have recognized that the reasoning in both cases has been critically undermined by the Supreme Court's holding in *United States v. Castleman*, 134 S. Ct. 1405 (2014). *See, e.g., United States v. Taylor*, 206 F. Supp. 3d 1148, 1165 (E.D. Va. 2016) (citing cases); *Pikyavit v. United States*, No. 2:06-CR-407-PGC, 2017 WL 1288559, at *7 (D. Utah Apr. 6, 2017). There, in the context of a domestic-violence statute, the Court rejected the argument that the use of poison would not entail "the use or attempted use of physical force." *Castleman*, 134 S. Ct. at 1407. It reasoned that "[t]he 'use of force' . . . is not the act of 'sprinkl[ing]' the poison; it is the act of employing poison knowingly *as a device to cause physical harm*. That the harm occurs indirectly, rather than directly (as with a kick or punch), does not matter." *Id*. at 1415 (emphasis added).

Accordingly, Stankus has failed to demonstrate a realistic probability that a defendant can commit Hobbs Act robbery through the use of nominal force. *See Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007) (requiring "a realistic probability, not a theoretical possibility," that a statute would apply to conduct *not* encompassed by the crime-of-violence definition).

### C. Hobbs Act robbery requires *intentional* conduct

Finally, the court is unpersuaded by Stankus' argument that, under the fear-of-injury element, a defendant may commit Hobbs Act robbery through reckless, unintentional conduct.[6] Like the defendants in *Mendoza* and *Wesley*, Stankus contends that cases addressing the comparable intimidation element under federal bank robbery demonstrate this point. For instance, he relies in part on the Ninth Circuit's decision in *United States v. Foppe*, 993 F.3d

---

[6] This point is relevant to finding that federal bank robbery is a crime of violence because, in order to satisfy the force clause, the use of force [required by a statute] must be intentional, not just reckless or negligent." *United States v. Dixon*, 805 F.3d 1193, 1197 (9th Cir. 2015) (citing *United States v. Lawrence*, 627 F.3d 1281, 1284 (9th Cir. 2010)). Because this requirement was recognized only several years after *Selfa*, the contention that bank robbery may be committed unintentionally is often asserted in support of the argument that *Selfa* has been effectively overruled. *See, e.g.*, *Mendoza*, 2017 WL 2200912, at *4–5.

1444 (9th Cir. 1993), where the court held that, under the federal-bank-robbery statute, it is "irrelevant" whether the defendant "specifically intended to intimidate" the victim.

However, the *Foppe* court merely held that federal bank robbery "is a general intent crime, not a specific intent crime[,]" in response to the defendant's argument that he never intended to intimidate the bank teller that he approached. *Foppe*, 993 F.3d at 1451. Moreover, in previously rejecting this argument, this court again relied in part on the *Pena* court's analysis. There, the court rejected an identical argument by citing a Supreme Court case that specified that federal bank robbery "is a general intent crime whose *mens rea* requirement is satisfied only if the 'defendant possessed knowledge with respect to the *actus reus* of the crime ([i.e.,] the taking of property of another by force and violence or intimidation).'" *Pena*, 161 F. Supp. 3d at 283 (quoting *Carter v. United States,* 530 U.S. 255, 268 (2000)).

"In other words, a defendant charged with bank robbery . . . must intentionally perform objectively intimidating actions in the course of unlawfully taking the property of another." *Id*. Thus, "if a defendant robs a bank with violence, the prosecution need not prove a specific intent to cause pain or to induce compliance." *Id*. "Similarly, if a defendant robs a bank with intimidation, the prosecution need not prove a specific intent to cause fear[,]" which "does not mean that the bank robbery was accomplished through 'negligent or merely accidental conduct.'" *Id*. (quoting *Leocal v. Ashcroft*, 543 U.S. 1, 9 (2004)).

This court remains convinced by this reasoning and, as in *Mendoza*, finds that it also applies to Hobbs Act robbery. Accordingly, the court finds that Hobbs Act robbery satisfies section 924(c)'s force clause and is therefore a crime of violence regardless of whether the residual clause is void for vagueness.

### D. Certificate of appealability

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255" unless a district court issues a certificate of appealability based on "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(1)(B). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong. To meet this threshold inquiry, the petitioner must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further." *Allen v. Ornoski*, 435 F.3d 946, 951 (9th Cir. 2006) (internal citations, quotation marks, and brackets omitted).

Because this section 2255 motion involves questions of law that are partially unsettled and are currently being addressed by higher courts, this court will issue a certificate of appealability.

**IV. Conclusion**

IT IS THEREFORE ORDERED that petitioner Adolph Vytautas Stankus' motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 56) is **DENIED**.

IT IS FURTHER ORDERED that Stankus' abridged motion to vacate, set aside, or correct his sentence (ECF No. 55) is **DENIED**.

IT IS FURTHER ORDERED that Stankus is **GRANTED** a certificate of appealability.

IT IS SO ORDERED.

DATED this 12th day of July, 2017.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE